UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| LISA MARIE LAKIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:14-CV-228 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| MANUFACTURER'S CHEMICALS, LLC ) | |
| ) | |
| Defendant. ) | |

## **M E M O R A N D U M**

Before the Court is a motion to dismiss (Court File No. 4) by Defendant Manufacturer's Chemicals, LLC ("Defendant"), to which Plaintiff Lisa Marie Lakin ("Plaintiff") has responded (Court File No. 9). The Court heard oral argument from both parties on September 16, 2015. For the following reasons, the Court will treat Defendant's motion as one for summary judgment and will **GRANT** the motion (Court File No. 4).

### I. BACKGROUND

Plaintiff filed this action pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* (Court File No. 1, Compl. ¶ II). Plaintiff asserts that she was employed by Defendant from June 9, 2011 until March 4, 2014 (*id.* at ¶ III). She further asserts that in September 2013, various health problems required her to take leave from her employment pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.* (Court File No. 1, Compl. ¶ III). Plaintiff subsequently went on short-term disability ("STD") under an insurance plan provided to her by Defendant (*id.*).

On March 4, 2014, Defendant sent Plaintiff a letter terminating her employment (*id.*). The letter stated Plaintiff had been absent from work since September 2013, her twelve weeks of FMLA leave expired in December 2013, the latest information from her doctor did not show when she would able to return to work, and Defendant could no longer hold her position (*id.* at Ex. A.). The letter stated Plaintiff would receive an STD payout of 216 hours, which included payments up to March 13, 2014, as well as vacation pay for 2014 (*id.*). The letter also noted that if Plaintiff were to be released to work in the future, she could apply for any open position with Defendant commensurate with her experience and skills (*id.*).

Plaintiff claims Defendant terminated her in order to deprive her of long-term disability ("LTD") benefits and group health insurance benefits under plans provided by Defendant, all in violation of ERISA § 510, 29 U.S.C. § 1140 (Court File No. 1, Compl. ¶ IV). Defendant moved to dismiss the complaint on three grounds: "1. Plaintiff has received all benefits she was/is entitled to under the Defendant's plans; 2. Plaintiff has never been eligible for long-term disability benefits; and 3. Plaintiff cannot establish that her separation from employment was done with the specific intent to interfere with her attainment of entitled benefits" (Court File No. 4). Defendant filed a declaration with five supporting exhibits in support of its motion (Court File No. 4-1). Plaintiff responded in opposition to the motion to dismiss, submitting Plaintiff's declaration in support of her response (Court File Nos. 9, 9-1). This matter is now ripe.

2

## II.     STANDARD OF REVIEW

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court may not consider matters beyond the complaint. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th Cir. 2009) (citing *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008)).  If "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); *see also Hensley Mfg.*, 579 F.3d at 613 ("If the district court does consider evidence outside the complaint, 'it effectively converts the motion to dismiss to a motion for summary judgment.'") (quoting *Winget*, 537 F.3d at 576).

Although a district court has the discretion to convert a motion to dismiss into a motion for summary judgment, the district court "must give 'the . . . parties [a] reasonable opportunity to present all material made pertinent to' the issue, which requires sufficient notice and an opportunity for further discovery." *Friends of Tims Ford v. Tenn. Valley Auth.*, 585 F.3d 955, 965 (6th Cir. 2009) (alterations in original) (quoting *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004)).

In their briefing on Defendant's motion to dismiss, both parties presented and relied on materials outside the pleadings.  Defendant filed a declaration with five supporting exhibits (Court File No. 4-1), none of which was attached as an exhibit to or incorporated by reference in the pleadings.  In her response, Plaintiff stated that Defendant's motion "amounts to a Motion for Summary Judgment," argued that the standard of review for the motion should be the standard of review for summary judgment, and submitted Plaintiff's declaration in opposition to the motion

3

(Court File Nos. 9, 9-1). In addition, the Court announced to the parties at oral argument that the Court intended to treat the motion as one for summary judgment, and neither party objected.[1] Based on the parties' filings and the lack of objection at oral argument, the Court **FINDS** the parties have had sufficient notice and opportunity to present all material pertinent to the issue. Accordingly, the Court will treat Defendant's motion as a motion for summary judgment.

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court should view the evidence, including all reasonable inferences, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

---

[1] Plaintiff did argue that Defendant's filing of a dispositive motion early in the case deprived Plaintiff of the opportunity to conduct discovery to respond to the motion. Plaintiff concedes, however, that in the thirteen months since she filed her complaint, she has neither attempted to conduct discovery nor requested the Court to allow her time to take discovery as allowed by Rule 56(d) of the Federal Rules of Civil Procedure. Plaintiff similarly argued that the Court's issuance of an ERISA Scheduling Order (Court File No. 10) deprived her of the opportunity to conduct discovery. The Scheduling Order, however, stated in the first paragraph that it was being proposed by the Court on the assumption that the case was an action seeking employee benefits under ERISA and it would become applicable to the case unless either party objected within ten days (*id.*) Neither party objected. Further, the Scheduling Order allowed discovery to take place, provided it was appropriate and was completed within sixty days after Defendant filed its notice of service of the ERISA record (*id.*). Defendant filed its notice of service of the ERISA record on January 26, 2015 (Court File No. 11). As stated previously, Plaintiff propounded no discovery in this matter, whether before or after the filing of Defendant's notice of service of the ERISA record. Plaintiff has failed to establish that summary judgment is inappropriate on these grounds.

To survive a motion for summary judgment, "the non-moving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial." *Chao v. Hall Holding Co., Inc*., 285 F.3d 415, 424 (6th Cir. 2002). Indeed, a "[plaintiff] is not entitled to a trial on the basis of mere allegations." *Smith v. City of Chattanooga*, No. 1:08-cv-63, 2009 WL 3762961, at *2–3 (E.D. Tenn. Nov. 4, 2009) (explaining the court must determine whether "the record contains sufficient facts and admissible evidence from which a rational jury could reasonably find in favor of [the] plaintiff"). In addition, should the non-moving party fail to provide evidence to support an essential element of its case, the movant can meet its burden of demonstrating no genuine issue of material fact exists by pointing out such failure to the court. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

At summary judgment, the Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). If the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court should grant summary judgment. *Id.* at 251–52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

### III.  DISCUSSION

Plaintiff alleges Defendant terminated her in order to deprive her of her right to long-term disability and group health insurance benefits in violation of ERISA (Court File No. 1, Compl. ¶

5

IV). Section 510 of ERISA makes it unlawful to discharge or otherwise discriminate against an employee for the purpose of interfering with protected rights, stating:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan . . . .

29 U.S.C. § 1140.

To analyze claims brought under Section 510 where there is no direct evidence of the employer's motivation, courts use the *Burdine* burden-shifting paradigm applicable to Title VII cases. *See Humphreys v. Bellaire Corp.*, 966 F.2d 1037, 1043 (6th Cir. 1992); *see generally Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248 (1981). Under this paradigm, a plaintiff must first establish a prima facie case. *Humphreys*, 966 F.2d at 1043. Upon a showing of a prima facie case by the plaintiff, the defendant must come forward with a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* If the defendant comes forward with such a reason, the plaintiff must then come forward with evidence to show defendant's reason is a mere pretext for discrimination. *Id.*

A prima facie case under ERISA § 510 consists of "(1) prohibited employer conduct (2) taken for the purpose of interfering (3) with the attainment of any right to which the employee may become entitled." *Humphreys*, 966 F.2d at 1043 (quoting *Gavalik v. Cont'l Can Co.*, 812 F.2d 834, 852 (3d Cir. 1987)). To demonstrate a violation of § 510, a plaintiff "must show that an employer had a specific intent to violate ERISA." *Id.*; *see also Poff v. Chattanooga Group, Inc.*, 912 F. Supp. 298, 305 (E.D. Tenn. 1996) (holding specific intent crucial to prima facie

6

case); *Barbour v. Dynamics Research Corp.*, 63 F.3d 32, 37 (1st Cir. 1995) (noting "the ultimate inquiry . . . is whether the employment action was taken with the specific intent of interfering with the employee's ERISA benefits"). If a plaintiff fails to show an employer's intent to violate ERISA, the plaintiff fails to demonstrate a prima facie case, and a court may grant summary judgment. *Wyatt v. United States Fid. & Guar. Co.*, 59 F.3d 172, 1995 WL 376719 (6th Cir. June 22, 1995) (unpublished); *Barbour*, 63 F.3d at 39 (noting "the plaintiff must *always* adduce evidence sufficient for a rational jury to conclude that the employer's action was motivated by an intent to interfere with ERISA benefits") (emphasis in original).

The plaintiff need not show the employer's sole purpose for the discharge was interference with the plaintiff's benefits, only that interference was "a motivating factor" in the decision. *Humphreys*, 966 F.2d at 1043. Put another way, the plaintiff must show a causal link between the benefits to which plaintiff claims entitlement and the employer's adverse employment decision. *See id.* at 1044; *Potts v. Nat'l HealthCare L.P.*, 961 F. Supp. 1136, 1141 (M.D. Tenn. 1996) ("Plaintiff must establish more than the mere fact that termination of his employment meant a monetary savings to Defendant, for otherwise, an ERISA violation would automatically occur every time an employer terminated a fully-vested employee."). Close proximity in time from the discharge to an event which would have required the employer to incur expenses on behalf of the discharged employee under an employment benefits plan may give rise of an inference of specific intent sufficient to establish a prima facie case. *Humphreys*, 966 F.2d at 1044.

Plaintiff alleges the existence of circumstantial, rather than direct, evidence of an intent to interfere with her attainment of benefits (Court File No. 9 ("There is circumstantial evidence of intent to interfere with Plaintiff's attainment of entitled benefits.")). Accordingly, the *Burdine* burden-shifting paradigm applies, and Plaintiff must establish a prima facie case under ERISA § 510 in order to defeat summary judgment.

Plaintiff fails to show Defendant had a specific intent to interfere with her attainment of any right to which she might have become entitled. The undisputed evidence shows she was not eligible for LTD benefits. Defendant has presented the declaration of Cheryl C. Carter ("Carter"), the Corporate Secretary and Director of Human Resources of Synalloy Corporation ("Synalloy"), of which Defendant is a wholly owned subsidiary (Court File No. 4-1, Carter Decl. ¶ 2). Carter's declaration states that hourly employees, such as Plaintiff, are not eligible to participate in Defendant's LTD plan (*id.* at ¶ 13). Defendant has also submitted copies of its STD leave policy for hourly employees (*id.* at ¶ 5 and Ex. 1), its STD and LTD leave policies for salaried employees (*id.* at ¶ 9 and Ex. 4), and its insurance policy through The Lincoln National Life Insurance Company providing LTD benefits only to full-time, salaried employees with annual earnings greater than $30,000.00 (*id.* at ¶ 11 and at 15, 17, 19).[2]

In response, Plaintiff argues that the exhibits submitted by Defendant have not been properly authenticated, but identifies no specific flaw in their authentication. Authentication of a document requires the proponent to "produce evidence sufficient to support a finding that the

---

[2] Plaintiff conceded at oral argument that the documents produced to date by Defendant show Defendant did not offer LTD benefits to its hourly employees. Plaintiff also conceded that there is no dispute as to the identity of the insurance carrier for Defendant's LTD plan.

8

item is what the proponent claims it is." Fed. R. Evid. 901(a). Moreover, a party moving for summary judgment does not need to present evidence in a form that would be admissible at trial, so long as the evidence itself is admissible. *Shazor v. Prof'l Transit Mgmt., Ltd.*, 744 F.3d 948, 960 (6th Cir. 2014). Defendant has presented the declaration testimony of the Director of Human Resources of its parent corporation explaining Defendant's leave policies and identifying the exhibits. Defendant has sufficiently authenticated its exhibits for purposes of its motion.

Plaintiff also argues that the exhibits are hearsay. The declaration testimony of the Director of Human Resources of Defendant's parent corporation, however, sufficiently establishes that Exhibits 1 through 4 are admissible under the hearsay exception for records of a regularly conducted activity. *See* Fed. R. Evid. 803(6). Exhibit 5, an insurance contract, is not hearsay, but a verbal act. *See Preferred Props., Inc. v. Indian River Estates, Inc.*, 276 F.3d 790, 798 n.5 (6th Cir. 2002) ("The verbal acts doctrine applies where legal consequences flow from the act that words were said, e.g. the words of offer and acceptance which create a contract.") (internal quotation marks omitted).[3]

In addressing the substance of Defendant's evidence, Plaintiff states that Defendant's Human Resources Manager, Robin Jennings ("Jennings"), "acknowledged [Plaintiff] was

---

[3] Plaintiff's final attack on the admissibility of the exhibits is the assertion that Exhibits 2 and 4 apply only to Synalloy, not to Defendant. Plaintiff's argument overlooks the testimony in Carter's declaration that the documents apply to Defendant as a subsidiary of Synalloy, however (Court File No. 4-1, Carter Decl. ¶¶ 6, 4). Plaintiff's argument also overlooks the language on Exhibit 2 stating that it is applicable to Synalloy and its subsidiaries, expressly listing Defendant (*id.* at Ex. 2). Finally, while the summary of Synalloy's disability benefits for salaried employees set forth in Exhibit 4 does not mention Synalloy's subsidiaries, the insurance policy providing LTD benefits expressly lists Defendant as a participating employer (*Id.* at 17, 19).

9

eligible for Long Term Disability and indicated she would send [Plaintiff] the paperwork to apply for it . . ." (Court File No. 9-1, Lakin Decl. ¶ II). The Sixth Circuit, however, has "consistently refused to recognize oral modifications to written plan documents." *Sprague v. General Motors Corp.*, 133 F.3d 388, 402 (6th Cir. 1998) (en banc); *see also Crosby v. Rohm & Haas Co.*, 480 F.3d 423, 428 (6th Cir. 2007) ("The plan administrator may amend a plan only through formal procedures specified in the plan documents, 29 U.S.C. § 1102(b)(3), not through informal communications."). Because ERISA plans cannot be modified orally, any statement by Jennings cannot create an issue of fact as to Plaintiff's entitlement to LTD benefits. The undisputed evidence shows Plaintiff was not entitled to LTD benefits, and she therefore cannot state a prima facie case as to Defendant's alleged interference with her receiving LTD benefits.[4]

Plaintiff also fails to state a prima facie case against Defendant as to her group health insurance benefits. Plaintiff has failed to offer any evidence of a specific intent by Defendant to interfere with her continued participation in group health care benefits. Plaintiff states that at the time of her termination, "I had two bladder surgeries yet to be performed which would have been paid for with my health insurance provided through my employer's group health insurance, had I not been fired on March 4, 2014" (Court File No. 9-1, Lakin Decl. ¶ III). In the absence of evidence that Defendant was aware of her two pending surgeries, however, a reasonable juror could not infer an intent to interfere with Plaintiff's receipt of group health benefits covering

---

[4] Plaintiff also argues that because Defendant has produced a policy discussing both STD and LTD benefits for salaried employees, "[t]he policy for hourly employees would most likely do the same" (Court File No. 9). No such inference can be drawn, however, because Defendant did produce a copy of its STD policy for hourly employees, as well as the declaration testimony of Carter that there is no LTD policy for hourly employees (Court File No. 4-1, Carter Decl. ¶ 13 and Ex. 1).

such surgeries.  Accordingly, Plaintiff has failed to establish her prima facie case as to either LTD benefits or group health benefits.

Even if the Court were to assume Plaintiff could establish a prima facie case, her case would still not survive summary judgment because she cannot show Defendant's nondiscriminatory reason for Plaintiff's termination is pretextual.  To show pretext, Plaintiff "must produce sufficient evidence from which the jury may reasonably reject the employer's explanation." *Chen v. Dow Chem. Co.*, 580 F.3d 394, 400 (6th Cir. 2009).  To do so, Plaintiff is required to show by a preponderance of the evidence either (1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate the discharge, or (3) that they were insufficient to motivate discharge.  *Id.*; *Humphreys*, 966 F.2d at 1043 (noting the plaintiff must show the interference was a motivating factor or the proffered reason is unworthy of credence).

Defendant has introduced evidence Plaintiff was terminated because she had been continually out of work for almost six months, her FMLA leave was exhausted, there was no indication she could return to work, and Defendant could no longer hold her position, all as stated in Defendant's March 4, 2011 termination letter (Court File No. 1 at Ex. A).  Plaintiff makes no specific argument as to pretext, but does argue there is a contradiction between the termination letter and the separation notice Defendant submitted to the Division of Employment Security on the same day, which allegedly "cit[ed] an entirely different reason for terminating Plaintiff's employment" (*id.* at ¶ III and Ex. B).  The separation notice describes the reason for the separation as "[e]mployee unable to return from FMLA" (*id.* at Ex. B).  As Plaintiff points

11

out, Plaintiff had been off of FMLA for almost three months when she was terminated. It is also true, however, that Plaintiff had exhausted her FMLA leave and had not returned to work afterwards. Although more concise than the explanation Defendant gave in the termination letter, there is nothing about the separation statement from which a reasonable jury could conclude that the proffered reasons for Plaintiff's discharge had no basis in fact, did not motivate her discharge, or were insufficient to motivate her discharge. Accordingly, the Court concludes Plaintiff is unable to meet her burden of showing Defendant's proffered reason for her termination was pretextual.

## IV. CONCLUSION

For the foregoing reasons, the Court will **GRANT** Defendant's motion for summary judgment (Court File No. 4).

**An appropriate order will enter.**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

12